STATE OF INDIANA        )              IN THE MARION CIRCUIT/SUPERIOR COURT
                              ) SS:
COUNTY OF MARION    )              CAUSE NO.

JACQUELINE PRYOR,         )
                                      )
      Plaintiff,           )
                                      )
        vs.                 )
                                      )
COSTCO WHOLESALE CORP.,   )
                                      )
      Defendant.       )

## APPEARANCE BY ATTORNEY IN CIVIL CASE

This Appearance Form must be filed on behalf of every party in a civil case.

1. This is a **CIVIL TORT** case type as defined in administrative Rule 8(B)(3).

2. The party on whose behalf this form is being filed is:
   Initiating **X**        Responding ____      Intervening ____; and

   the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

   Name of party: **Jacqueline Pryor**
   Address of party: **c/o Stewart & Stewart, 931 S. Rangeline Road, Carmel, IN 46032**
   Telephone # of party: **(317) 846-8999**

   *(List on a continuation page additional parties this attorney represents in this case.)*

3. Attorney information for service as required by Trial Rule 5(B)(2)

   Name: **Nicholas J. Wagner**          Atty Number: **30185-84 (IN)**
   Address: **STEWART & STEWART**         Phone: **(317) 846-8999**
             **931 South Rangeline Road**     Fax: **(317) 843-1991**
             **Carmel, IN  46032**           Email Address: **Nicholas@getstewart.com**

   Name: **Darron S. Stewart**            Atty. Number: **21114-29 (IN)**
   Address: **STEWART & STEWART**          Phone: **(317) 846-8999**
             **931 S. Rangeline Road**        FAX: **(317) 843-1991**
             **Carmel, IN  46032**            Email Address: **Darron@getstewart.com**

4. I will accept service by FAX at the above noted number:  Yes _____  No **X**

5. This case involves child support issues. Yes _____  No **X**

EXHIBIT "B"

6. This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order.    Yes      No  **X**

7. This case involves a petition for involuntary commitment.  Yes      No  **X**

8. If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:   **Not applicable.**

9. There are related cases: Yes      No  **X**

10. Additional information required by local rule:  **Not applicable**

11. There are other party members: Yes    No  **X**    *(If yes, list on continuation page.)*

12. This form has been served on all other parties and Certificate of Service is attached:   Yes      No  **X**

/s/Nicholas J. Wagner  
Nicholas J. Wagner #30185-84  
 Attorney for Plaintiff

/s/Darron S. Stewart  
Darron S. Stewart #21114-29  
Attorney for Plaintiff

STEWART & STEWART  
931 S. Rangeline Road  
Carmel, IN  46032  
Phone: (317) 846-8999  
Fax:    (317) 843-1991

Case 1:20-cv-01492-TWP-DML   49D01-2004-CT-013305  Document 1-1 Filed 05/26/20   Page 3 of 18 PageID #: 6
Marion Superior Court, Civil Division 1

Filed: 4/7/2020 2:23 PM
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. |

| | |
|---|---|
| JACQUELINE PRYOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| COSTCO WHOLESALE CORP., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Comes now the Plaintiff, JACQUELINE PRYOR, and for her Complaint for Damages against the Defendant, COSTCO WHOLESALE CORP., and in this request for a jury trial, alleges and says:

1) The Plaintiff is a resident of Marion County, in the State of Indiana.

2) The Defendant, COSTCO WHOLESALE CORP., is a corporation registered and doing business in the State of Indiana.

3) The Defendant owns, operates, maintains, manages, and/or otherwise controls a wholesale retail establishment known as "COSTCO", located at 9010 Michigan Road, City of Indianapolis, Marion County, State of Indiana (hereafter "Defendant's Store" or "Defendant's Property").

4) On July 5, 2018, the Plaintiff was on the Defendant's Property working as a product demonstrator for an entity known as Club Demonstration Services, for the financial benefit of the Defendant.

5) While the Plaintiff was on the Defendant's Property, an employee of the Defendant was operating a forklift when he negligently caused said forklift to strike the Plaintiff, pinning and severely injuring her (hereafter "Incident").

6) The Plaintiff in no way contributed to the cause of the Incident or the damages sustained.

7) Except for the parties named in the caption of the Complaint for Damages, there are no other parties or non-parties who contributed the cause of the Incident or the damages sustained.

8) At the time of this Incident, the Plaintiff was a business invitee on the Defendant's Property.

9) At the time of the Incident, the Defendant owed to the Plaintiff a duty to exercise reasonable care in maintaining its Property in a reasonably safe condition. <u>Kroger Co. v. Haun</u>, 379 N.E.2d 1004 (Ind.App.1978).

10) At the time of the Incident, the Plaintiff had a right to assume the Defendant had carried forth its duty to maintain its Property in a reasonably safe condition. <u>Kroger Co. v. Haun</u>, 379 N.E.2d 1004 (Ind.App.1978).

11) At the time of the Incident, the Defendant was negligent by failing to exercise reasonable care in maintaining its Property in a reasonably safe condition.

12) At the time of this Incident, Indiana law provided that a business invitor is subject to liability for the physical harm caused to its invitee by a condition on land if it:

  a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to its invitees;

  b) should expect that its invitees will not discover or realize the danger, or will fail to protect themselves against it; and

   c)  fails to exercise reasonable care to protect its invitees against the danger.

    <u>Douglas v. Irvin</u>, 549 N.E.2d 368 (Ind. 1990); <u>Wal-Kart Stores, Inc. v. Wall</u>, 712 N.E.2d 1015 (Ind. App. 1999); Restatement (Second) of Torts, § 353.

13) At the time of this Incident, the Defendant knew or in the exercise of reasonable care would have discovered that negligent operation of the aforementioned forklift was dangerous, and should have realized that it involved an unreasonable risk of harm to its invitees.

14) At the time of this Incident, the Defendant should have expected that its invitees would not realize or discover aforementioned danger or would fail to protect themselves against it.

15) At the time of this Incident, the Defendant failed to exercise reasonable care in protecting its invitees by allowing the aforementioned forklift to be operated in such a manner and location so as to be dangerous to invitees, including the Plaintiff.

16) At the time of this Incident, the Defendant owed a duty to the Plaintiff to warn her of the hazard on the Defendant's Property. <u>Duffy v. Ben Dee, Inc</u>,. 651 N.E.2d 320 (Ind. App. 1995); <u>Burrell v. Meads</u>, 569 N.E.2d 637 (Ind. 1991); <u>Douglas v. Irvin</u>, 549 N.E.2d 368, 369 (Ind. 1990).

17) The Defendant's duty to warn the Plaintiff of any hazards on its Property is not limited to only those dangers of which the Defendant is aware.  The Defendant, as a business invitor, has a duty to exercise reasonable care to discover defects or dangerous conditions on its property, and is charged with knowledge of any dangers that could have been discovered in the exercise of reasonable care.  <u>Lutheran Hosp. of Indiana, Inc. v. Blaser</u>, 634 N.E.2d 864 (Ind. App. 1994).

18) At the time of this Incident, the Defendant was negligent in failing to warn the Plaintiff of the danger on the Property.

19) At the time of this Incident, the Plaintiff did not observe the danger located on the Defendant's Property until after the Incident.

20) At the time of the Incident, the Defendant's employee who was operating the forklift had a duty, among other things, to exercise reasonable in operating the forklift in a reasonably safe manner, for the protection of the Defendant's invitees, including the Plaintiff.

21) At the time of the Incident, the Defendant's employee was negligent by, among other ways, failing to exercise reasonable care for the protection of the Plaintiff.

22) At all times relevant to this Incident, the Defendant's employee was employed by, and acting within the scope of his employment for the Defendant.

23) At all times relevant to this Incident, the aforementioned forklift was owned by the Defendant and was within its exclusive possession and control.

24) Pursuant to the common law doctrine of respondeat superior, the Defendant is vicariously liable for the tortious behavior of the aforementioned employee.

25) The Defendant negligently hired, trained, supervised, and/or retained the aforementioned employee, and knew, or should have known, that the aforementioned employee was unfit and/or unqualified to operate the aforementioned forklift in a reasonably safe manner for the protection of invitees.

26) As a direct and proximate result of the Defendant's negligence and that of its employees, the Plaintiff sustained serious and permanent physical injuries.

27) As a direct and proximate result of the Defendant's negligence and that of its employees, the Plaintiff has incurred medical and other costs.

28) As a direct and proximate result of Defendant's negligence and that of its employees, the Plaintiff has experienced, among other things, physical pain, mental anguish, lost wages, and the loss of enjoyment of life from her personal injuries.

WHEREFORE, the Plaintiff respectfully requests judgment against the Defendant in an amount reasonable to compensate her for damages sustained, any and all pre-judgment interest calculated daily according to statute, and any and all other relief deemed just and proper.

Respectfully Submitted,

/s/ Nicholas J. Wagner
Nicholas J. Wagner, #30185-84
Darron S. Stewart, #21114-29
Attorneys for the Plaintiff

STEWART & STEWART
931 South Rangeline Road
Carmel, Indiana 46032
(317) 846-8999

## REQUEST FOR JURY TRIAL

Comes now Plaintiff, by counsel, and respectfully requests that the above matter be tried by jury.

/s/ Nicholas J. Wagner
Nicholas J. Wagner, #30185-84
Darron S. Stewart, #21114-29
Attorneys for the Plaintiff

STEWART & STEWART
931 South Rangeline Road
Carmel, Indiana 46032
(317) 846-8999

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT 1 |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. 49D01-2004-CT-013308 |

| | |
|---|---|
| JACQUELINE PRYOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| COSTCO WHOLESALE CORP., | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF ISSUANCE OF SUMMONS

I hereby affirm that pursuant to Indiana Rule 86(G) of the Indiana Rules of Trial Procedure; I am attempting service on the following Defendant(s) at the following address(es) as indicated:

DEFENDANT:   Costco Wholesale Corp.
c/o CT Corporation System, As Registered Agent
150 W. Market Street, Suite 800, Indianapolis, IN  46204
Service Attempted by: Plaintiff's Counsel to serve via
Certified Mail/Return Receipt Requested
Date to be served:  On or about April 7, 2020

Date: April 7, 2020
Signature: /s/Darron S. Stewart
Name Printed: Darron S. Stewart   #21114-29
Plaintiff's Counsel Phone: (317) 846-8999
Plaintiff's Counsel, Darron@getstewart.com
Legal Assistant/Filer:  Marcia Van Dyke:  Marcia@getstewart.com

# SUMMONS

| | |
|---|---|
| STATE OF INDIANA  ) | IN THE MARION COUNTY CIRCUIT/SUPERIOR COURT |
| )SS: | Clerk |
| COUNTY OF MARION) | W122 City County Building |
| | 200 E. Washington Street |
| | Indianapolis, IN  46204-3381 |
| | Phone:  (317) 327-4740 |

JACQUELINE PRYOR,              )        CAUSE NO:
                               )
            Plaintiff,         )
                               )
            vs.                )
                               )
COSTCO WHOLESALE CORP.,        )
                               )
            Defendant.         )

TO DEFENDANT:   (Name):    **COSTCO WHOLESALE CORP.**
                           **C/O C T CORPORATION SYSTEM, AS REG. AGENT**
                (Address): **150 WEST MARKET STREET, SUITE 800**
                           **INDIANAPOLIS, IN   46204**

You are hereby notified that you have been sued by the person(s) named as plaintiff(s) and in the Court indicated above.

The nature of the suit against you is stated in the complaint, which is attached to this Summons.  It also states the relief sought or the demand made against you by the plaintiff(s).

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days, if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff(s). If you have a claim for relief against the plaintiff(s) arising from the same transaction or occurrence, you must assert it in your written answer.

4/7/2020
Dated _____           _____(seal)
                                       Clerk, Marion County Superior/Circuit Court

**(The following manner of service of summons is hereby designated.)**

__X___   **Certified Mail/Return Receipt Requested – PLAINTIFF'S COUNSEL TO SERVE**
_____    Service at place of employment, to wit: _____
_____    Service on individual – (Personal or copy) at above address. _____
_____    Service on agent. (Specify) _____
_____    Other service. (Specify)_____

STEWART & STEWART
931 S. Rangeline Road
Carmel, Indiana 46032
(317) 846-8999

## SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____, 2020:

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant, _____.

(2) By leaving a copy of the Summons a copy of the Summons and a copy of the complaint at _____ which is the dwelling place or usual place of abode of _____ and by mailing a copy of said summons to said defendant at the above address.

(3) Other Service or Remarks: _____
_____

_____                    _____
Sheriff's Costs                                                                              Sheriff

                                                                                   By: _____
                                                                                                  Deputy


## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 2020.  I mailed a copy of this Summons and a copy of the complaint to the defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

                                                           _____
                                                                              Clerk
Dated: _____, 2020.    By: _____
                                                                            Deputy


## RETURN ON SERVICE OF SUMMONS BY MAIL

   I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by the defendant on the _____ day of _____, 2020.
   I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _____ day of _____, 2020.
   I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by _____ on behalf of said defendant on the _____ day of _____, 2020.

                                                           _____
                                                                              Clerk
                                                           By: _____
                                                                              Deputy

| | | |
|---|---|---|
| STATE OF INDIANA | ) | THE MARION SUPERIOR COURT 1 |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO: 49D01-2004-CT-013308 |

| | |
|---|---|
| JACQUELINE PRYOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COSTCO WHOLESALE CORP., | ) |
| | ) |
| Defendant. | ) |

## PROOF OF SERVICE ON DEFENDANT

I hereby certify and return that a true and attested file marked copy of the Summons together with a copy of the file-marked Complaint was served upon the following defendants(s) as follows:

COSTCO WHOLESALE CORP.
C/O CT CORPORATION SYSTEM, AS REGISTERED AGENT
150 WEST MARKET STREET, SUITE 800
INDIANAPOLIS, IN 46204
Via Certified Mail #7016 2710 0000 8916 3140
Signed on 04/10/2020 BY ILLEGIBLE SIGNATURE
(Certified Mail Green Card attached as Exhibit A)

Respectfully submitted,

/s/Darron S. Stewart
Darron S. Stewart, #21114-29
Attorney for Plaintiff
STEWART & STEWART
931 S. Rangeline Road
Carmel, Indiana 46032
P: 317-846-8999
F:  317-843-1991

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Costco Wholesale Corp.
C/o CT Corporation System,
As Registered Agent
150 West Market St., Ste. 800
Indianapolis, IN 46204

9590 9402 4874 9032 5898 90

2. Article Number (Transfer from service label)

7016 2710 0000 8916 3140

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)
C. Date of Delivery: 4.10.2020

D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☒ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

USPS TRACKING #

9590 9402 4874 9032 5898 90

United States Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Stewart & Stewart Attorneys
931 S. Rangeline Rd.
Carmel, IN 46032-2541

J. Pryor, # 322277 AT

**EXHIBIT A**

93315

| STATE OF INDIANA | MARION COUNTY SUPERIOR COURT NO. 1 |
|---|---|
| COUNTY OF MARION | CAUSE NO. 49D01-2004-CT-013308 |

JACQUELINE PRYOR,

    Plaintiff,

v.

COSTCO WHOLESALE CORP.,

    Defendant.

### E-FILING APPEARANCE BY ATTORNEY UNDER TRIAL RULE 3.1

Party Classification:   Initiating: _____   Responding:  __X__   Intervening: _____

1. The undersigned attorney appears in this case for the following party member:

    **Costco Wholesale Corp.**

2. Attorney information for service as required by Trial Rule 5(B)(2):

    | Leslie B. Pollie | Atty. No. | 25716-49 |
    | KOPKA PINKUS DOLIN PC | Telephone: | (317) 818-1360 |
    | 550 Congressional Boulevard | Facsimile: | (317) 818-1390 |
    | Suite 310 | Email: | lbpollie@kopkalaw.com |
    | Carmel, IN 46032 | | |

    **IMPORTANT:** Each attorney specified on this Appearance:

    (a) certified that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

    (b) acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email addresses specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney; and

    (c) understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

3. Case Type requested under Administrative Rule 8(b)(3):  **CT**

4.     I will accept service by fax at the above noted number:  **No**

       I will accept service by email at the above noted address:  **Yes**

5.     This case involves child support issues:  **No**

6.     This case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order:  **No**

7.     This case involves a petition for involuntary commitment:  **No**

8.     Are there related cases:  **No**

9.     Additional information required by local rule:  **No**

10.     Are there other party members:  **No**

11.     This form has been served on all other parties and a Certificate of Service is attached.

                               Respectfully submitted,

                               KOPKA PINKUS DOLIN PC

                               By:_____
                                  Leslie B. Pollie, Atty No. 25716-49
                                  Attorneys for Costco Wholesale Corp.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 29, 2020, I electronically filed the foregoing document using the Indiana eFiling System (IEFS). I further certify that the following persons were served on the same date using the IEFS:

Nicholas J. Wagner
Darron S. Stewart
STEWART & STEWART
931 South Rangeline Road
Carmel, IN 46032
nicholas@getstewart.com
darron@getstewart.com
*Attorneys for Plaintiff*

                                                                      _____
                                                                      Leslie B. Pollie

KOPKA PINKUS DOLIN PC
550 Congressional Boulevard
Suite 310
Carmel, IN 46032
(317) 818-1360 | office
(317) 818-1390 | fax
lbpollie@kopkalaw.com

3

93315

| | |
|---|---|
| STATE OF INDIANA | MARION COUNTY SUPERIOR COURT NO. 1 |
| COUNTY OF MARION | CAUSE NO. 49D01-2004-CT-013308 |
| JACQUELINE PRYOR, | |
| Plaintiff, | |
| v. | |
| COSTCO WHOLESALE CORP., | |
| Defendant. | |

## COSTCO WHOLESALE CORP.'S NOTICE OF AUTOMATIC EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Defendant, Costco Wholesale Corp., by counsel, pursuant to Marion County Local Rule 49-TR5, notifies the Court that it will utilize the automatic thirty (30) day extension of time in which to respond to Plaintiff's Complaint, and in support would show the Court as follows:

1. That on April 7, 2020, Plaintiff's Complaint was filed with this Court.

2. That on April 10, 2020, service upon Costco Wholesale Corp. was perfected by certified mail.

3. That on May 4, 2020, Defendant's response to Plaintiff's Complaint is due.

4. That undersigned counsel requires additional time in order to confer with her client, review the claim, investigate the facts, and prepare an appropriate response.

5. That the thirty (30) day extension of time shall be automatic pursuant to Marion County Local Rules.

6. That the extension of time is not for purposes of delay and will not prejudice the Plaintiff.

**WHEREFORE**, Defendant, Costco Wholesale Corp., notifies the Court that it will utilize the automatic thirty (30) day extension of time to, and including, June 3, 2020 in which to respond to Plaintiff's Complaint.

      Respectfully submitted,

      KOPKA PINKUS DOLIN PC

By: _____
      Leslie B. Pollie, Atty No. 25716-49
      Attorneys for Costco Wholesale Corp

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2020, I electronically filed the foregoing document using the Indiana eFiling System (IEFS). I further certify that the following persons were served on the same date using the IEFS:

Nicholas J. Wagner
Darron S. Stewart
STEWART & STEWART
931 South Rangeline Road
Carmel, IN 46032
nicholas@getstewart.com
darron@getstewart.com
*Attorneys for Plaintiff*

_____
Leslie B. Pollie

KOPKA PINKUS DOLIN PC
550 Congressional Boulevard
Suite 310
Carmel, IN 46032
(317) 818-1360 | office
(317) 818-1390 | fax
lbpollie@kopkalaw.com

93315

| | |
|---|---|
| STATE OF INDIANA | MARION COUNTY SUPERIOR COURT NO. 1 |
| COUNTY OF MARION | CAUSE NO. 49D01-2004-CT-013308 |
| JACQUELINE PRYOR, | |
| Plaintiff, | |
| v. | **F I L E D** |
| | April 30, 2020 |
| COSTCO WHOLESALE CORP., | *Myla A. Eldridge* |
| | CLERK OF THE COURT |
| | MARION COUNTY |
| | SW |
| Defendant. | |

### ORDER GRANTING COSTCO WHOLESALE CORP.'S AUTOMATIC ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Defendant, Costco Wholesale Corp., by counsel, having filed a Notice for Automatic Extension of Time to Respond to Plaintiff's Complaint, and the Court, having reviewed the notice and being duly advised in the premises, now finds that Defendant is entitled to an automatic enlargement of time pursuant to Marion County Local Rule LR49-TR5-203(D).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Costco Wholesale Corp. shall have up to and including **June 3, 2020** by which to file a response to Plaintiff's Complaint.

SO ORDERED  _____April 29, 2020_____.

_____ Mag.
Judge, Marion County Superior Court No. 1

Distribution to parties via IEFS